IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALVIN PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  20-cv-220-RJD |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| MOHAMMED SIDDIQUI, ANGELA | ) |
| CRAIN, ROB JEFFREYS, FRANK | ) |
| LAWRENCE, MARY ZIMMER, DR. | ) |
| BUTALID, and ANTHONY WILLS, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Alvin Perkins, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center.  In his complaint, Plaintiff alleges he was diagnosed with type 2 diabetes in December 2018, but that his condition was not adequately monitored.   Plaintiff allegedly notified staff of the issues he incurred with his diabetes treatment, but to no avail.  Plaintiff also alleges he was not provided adequate medical care for his diabetes due to a policy of understaffing, and that he was not able to exercise in his cell because there was not sufficient space.   Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count One:    Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Siddiqui, NP Zimmer, HCUA Crain, Dr. Butalid, Warden Lawrence, and Wexford for denying Plaintiff adequate medical care for his diabetes by failing to monitor Plaintiff's diabetes, failing to send him to a dietician, and failing to provide access to a proper diet and exercise.

| | |
|---|---|
| Count Two: | Eighth Amendment deliberate indifference to serious medical needs claim against Wexford, IDOC Director Jeffreys, Warden Lawrence, and Dr. Siddiqui for their policy and practice of understaffing of medical providers that led to inadequate medical care for Plaintiff's diabetes. |
| Count Three: | Eighth Amendment claim against IDOC Director Jeffreys and Warden Lawrence for unconstitutional conditions of confinement for their policy and/or practice of overcrowding that resulted in Plaintiff being double-celled in a single man cell without adequate space to exercise and denying recreational time. |
| Count Four: | State law claim for intentional infliction of emotional distress against all Defendants. |

IDOC Defendants and Wexford Defendants filed motions for summary judgment that are now before the Court (Docs. 59 and 62). Along with their motions, Defendants filed Rule 56 Notices informing Plaintiff of his obligation to file a response to the motions for summary judgment and advising him of the perils of failing to respond (*see* Docs. 61, 64). Plaintiff's responses to Defendants' motions were due by January 16, 2023. No responses, or any other filings, have been received from Plaintiff as of the date of this Order. For the reasons set forth below, Defendants' motions are **GRANTED**.

## Factual Background

Plaintiff's allegations relate to incidents that allegedly occurred while he was incarcerated at Menard Correctional Center. Relevant to his claims, Plaintiff's blood work revealed an A1C level of 6.5% on November 21, 2018 (Declaration of Mohammed Siddiqui, M.D., Doc. 63-1 at ¶ 5). A normal A1C level is less than 5.7%, a result of 5.7-6.4% indicates prediabetes, and a result above 6.5% indicates diabetes (Doc. 63-1 at FN 1). As such, Plaintiff was diagnosed with diabetes in late 2018 (Deposition of Alvin Perkins, Doc. 60-1 at 6). Dr. Siddiqui saw Plaintiff on December 12, 2018, and referred him for follow-up in the diabetes clinic (Doc. 63-1 at ¶ 6). Dr. Siddiqui also prescribed Plaintiff 500g Metformin (a prescription medication used to treat Type 2

diabetes) to be taken two times a day (*Id.*).  Plaintiff's A1C was again tested on December 19, 2018 and had fallen to 6.4% (Doc. 63-1 at ¶ 7).

Plaintiff was seen in the diabetes clinic on December 26, 2018 by Defendant NP Zimmer for an initial assessment (Doc. 63-1 at ¶ 8).  NP Zimmer noted Plaintiff's A1C level indicated he had Type 2 diabetes, but because it was under 7.0%, it was under good control (*id.*).  Plaintiff showed no other signs or symptoms of conditions that complicate diabetes and, based on Plaintiff's presentation, NP Zimmer determined he would continue on Metformin and receive Accuchecks weekly (*id.* at ¶ 9).  Accuchecks refer to the testing of a small amount of blood taken by finger prick to determine blood glucose levels (*id.* at FN 8; Doc. 60-1 at 6).  NP Zimmer educated Plaintiff on foot care, proper diet, and the signs and symptoms of hypoglycemia, and referred Plaintiff for follow-up blood labs and to optometry for diabetic eye screening (Doc. 63-1 at ¶ 9; *see* Doc. 63-4 at 10).

Plaintiff was seen by Dr. Siddiqui in the diabetes clinic again on April 29, 2019 (Doc. 63-1 at ¶ 11).  Dr. Siddiqui noted that Plaintiff's A1C from his blood test on March 28, 2019 indicated a level of 6.4%, demonstrating his condition had not changed since Plaintiff was seen by NP Zimmer on December 26, 2018 (*id.*).  Dr. Siddiqui ordered that Plaintiff's treatment plan remain unchanged (*id.*).  During his diabetes follow-up appointments throughout 2019 and 2020, Plaintiff's A1C levels remained stable and within 5.8% to 6.5% (Doc. 63-1 at ¶ 12).  No providers made any changes to his prescription or treatment plan (*id.*).  Plaintiff testified that since his transfer from Menard to Pinckneyville he continues to take the same dose of Metformin for his diabetes (Doc. 60-1 at 6).

Plaintiff asserts that despite NP Zimmer's order for weekly Accuchecks in December 2018, no such tests were administered until September 2019 (Doc. 60-1 at 13).  Plaintiff's medical

records indicate that between May 2, 2019 through September 12, 2019, he refused Accuchecks (Doc. 63-1 at ¶ 13; *see* Doc. 63-4).  Plaintiff testified he never refused an Accucheck (Doc. 60-1 at 9).

Plaintiff submitted grievances on August 4, 2019 and February 18, 2020 complaining that he had not received his weekly Accuchecks (Declaration of Angela Crain, RN, Doc. 60-8 at ¶¶ 2, 4; *see* Doc. 60-6 at 43).  Angela Crain provided responses to these grievances, indicating he had refused certain checks within the timeframes mentioned by Plaintiff (Doc. 60-8 at ¶ 3, 5).

Plaintiff testified that he was never informed by a medical provider that he needed a special diabetic diet, but he submitted kites requesting the same (Doc. 60-1 at 8-9).  Plaintiff also testified that he believed he needed to exercise to manage his diabetes (*id.* at 9).  Plaintiff indicated his understanding that he needed a permit to exercise, but testified he was able to do jumping jacks and push-ups in his cell at Menard (*id.*).

Plaintiff testified he has no evidence that Wexford or Dr. Siddiqui implemented a policy or practice to deny medical care to save money and no one ever told Plaintiff they were going to deny him medical care (Doc. 60-1 at 11).  Plaintiff also indicated he has no evidence that Defendants Crain, Jeffreys, or Lawrence intentionally understaffed any part of the prison (*id.* at 12).  Plaintiff also testified that he was not sure if he suffered harm because his diabetes was not monitored, indicating his diabetes "got worse," but then indicating he was not actually sure his diabetes had worsened (*id.* at 11).  Plaintiff indicated he never had any type of sickness related to his diabetes (*id.* at 13).

## Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## Discussion

The Court deems all material facts as presented by Defendants undisputed because Plaintiff failed to file a response to the pending motions for summary judgment despite being provided ample time and opportunity to do so. In failing to file responses, Plaintiff disregarded Notices explaining the implications of this decision (Docs. 61, 64). The Court will exercise its discretion pursuant to Rule 56(e) and deem all material facts as undisputed. Further, Local Rule 7.1(c) provides that a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

### *Count One – Eight Amendment Deliberate Indifference against Dr. Siddiqui, NP Zimmer, HCUA Crain, Dr. Butalid, Warden Lawrence, and Wexford*

In Count One, Plaintiff alleges Defendants Dr. Siddiqui, NP Zimmer, HCUA Crain, Dr. Butalid, Warden Lawrence, and Wexford were deliberately indifferent to his diabetes insofar as

they failed to monitor his condition with weekly Accuchecks, failed to send him to a dietician, and failed to provide him access to a proper diet and exercise.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, Plaintiff must show first that his condition was "objectively, sufficiently serious" and second, that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).

As a preliminary matter, the Court finds summary judgment is warranted in favor of all Defendants as to Plaintiff's claims in this Count related to diet and exercise. Plaintiff testified he was able to exercise in his cell at Menard by doing jumping jacks and push-ups, and was also able to jog while on the yard. Thus, there is no basis for finding Plaintiff was unable to exercise as claimed in his complaint. Further, Plaintiff testified he submitted kites asking to see a dietician, but testified he never spoke to any defendant requesting a diabetic diet. There is no evidence that any defendant received and ignored any request for a diabetic diet or refused Plaintiff a referral to a dietician. The Court, therefore, only continues to consider Count One's claim that Defendants failed to provide adequate medical care for Plaintiff's diabetes by failing to adequately monitor the same.

Before considering the objective and subjective factors necessary to demonstrate deliberate indifference, the Court must first consider whether there is any evidence that Defendants were personally responsible for the claimed constitutional violation set forth in Count One regarding the monitoring of Plaintiff's diabetes. Indeed, liability under § 1983 is predicated on a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion*

*County*, 327 F.3d 588, 594 (7th Cir. 2003) (citations omitted). To be personally responsible, an official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009) (quoting *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Even when viewing the evidence in the light most favorable of Plaintiff, there is no evidence that any Defendant identified in Count One was personally responsible for the claimed failure to monitor Plaintiff's diabetes. Plaintiff claims he was denied weekly Accuchecks to monitor his glucose levels from January through September 2019. There is no evidence, however, that any defendant had any control over whether and when the Accuchecks were performed. While it appears Dr. Siddiqui, NP Zimmer, and Dr. Butalid ordered weekly Accuchecks, there is no evidence they were responsible for performing the same. Indeed, according to Plaintiff's testimony, Accuchecks were performed by nurses in the cellhouses. No nurse is named in this claim (Defendant Crain is a nurse practitioner). Further, Plaintiff fails to point to any Wexford policy or practice that caused him to miss any Accuchecks.

Moreover, even if there was sufficient evidence that any defendant acted with deliberate indifference in failing to adequately monitor Plaintiff's diabetes, there is no evidence Plaintiff suffered any harm due to the same. To be successful on an Eighth Amendment claim, a plaintiff must show not only that a defendant was deliberately indifferent to a serious medical need, but he must also show that the breach caused him to suffer a cognizable legal harm. *Doe v. Welborn*, 110 F.3d 520, 523 (7th Cir. 1997) (citing *Babcock v. White*, 102 F.3d 267, 271 (7th Cir. 1996)). Here, Plaintiff has not set forth any evidence or made any argument that he suffered a "cognizable legal harm" from the failure to monitor his diabetes with Accuchecks in 2019. At his deposition, Plaintiff testified that he "would guess" his diabetes worsened, but he was not sure if he suffered

any harm. Plaintiff further testified his medication to manage his diabetes was not changed throughout this time. Also, Plaintiff's A1C remained stable throughout this time. Based on a review of all of the evidence, the Court finds no reasonable jury could find Plaintiff suffered cognizable legal harm as a result of any missed Accuchecks in 2019. Without harm, there is no cause of action. As such, summary judgment in favor of Defendants is warranted on Count One.

***Count Two – Eighth Amendment Deliberate Indifference against Wexford, IDOC Director Jeffreys, Warden Lawrence, and Dr. Siddiqui***

In Count Two, Plaintiff brings a claim of deliberate indifference against Wexford, Director Jeffreys, Warden Lawrence, and Dr. Siddiqui for purportedly understaffing medical providers leading to inadequate medical care for Plaintiff's diabetes.

In order for Plaintiff to proceed on this claim, he must offer evidence that an injury was caused by a policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy by a Defendant. *Shields*, 746 F.3d at 796. Plaintiff must also show that policymakers were aware of the risk created by the custom or practice and must have failed to take appropriate steps to protect him. *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009). Finally, a policy or practice "must be the 'direct cause' or 'moving force' behind the constitutional violation." *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (internal citations omitted).

There is no evidence of any of the foregoing to substantiate this claim. First, Plaintiff testified he had no evidence of any policy that resulted in understaffing at Pinckneyville. There is also no evidence that any policy or practice of any Defendant created any risk to Plaintiff, or that Plaintiff's medical treatment was rendered inadequate because of any such policy that resulted in understaffing. The Court reiterates there is not any evidence Plaintiff suffered any harm as a

result of his complaints concerning his medical treatment for diabetes. For these reasons, Defendants are entitled to summary judgment on Count Two.

### Count Three – Eighth Amendment claim against Director Jeffreys and Warden Lawrence for Unconstitutional Conditions of Confinement

In this Count, Plaintiff asserts IDOC Director Jeffreys and Warden Lawrence implemented an unconstitutional policy and/or practice of overcrowding cells that resulted in Plaintiff being double-celled in a single-man cell without adequate space to exercise.

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Again, there is no evidence by which a reasonable jury could find Defendants Jeffreys or Lawrence violated the Eighth Amendment in overcrowding cells. Plaintiff failed to submit any evidence attributing the overcrowding of his cell to Jeffreys or Lawrence. Moreover, as found above, Plaintiff's deposition testimony concerning his ability to exercise in his cell contradicts the premise of this claim. Plaintiff stated he was able to do various exercises in his cell at Pinckneyville. As such, there is no evidence that any purported overcrowding policy or practice (for which there is no evidence) resulted in any harm to Plaintiff.

For these reasons, Defendants are entitled to summary judgment as to Count Three.

### Count Four – State law claim for Intentional Infliction of Emotional Distress against Defendants

Under Illinois law, a plaintiff must establish the following elements to succeed on a claim of intentional infliction of emotional distress: (1) that Defendants' conduct was extreme and

outrageous; (2) that Defendants intended their conduct to inflict severe emotional distress or knew there was at least a high probability their conduct would inflict such distress; and (3) that Defendants' conduct actually caused severe or extreme emotional distress.  *Lopez v. City of Chicago*, 464 F.3d 711, 720 (7th Cir. 2006).   Extreme and outrageous conduct is that which goes "beyond all bounds of decency and [is] considered intolerable in a civilized community." *Id.* (citations omitted).  The Court has already found that Defendants did not violate the Eighth Amendment regarding Plaintiff's management of his diabetes.  Based on the record in this case, the Court concludes that Plaintiff's failure to establish sufficient evidence to proceed on his § 1983 claims necessarily precludes him from making an adequate showing of extreme and outrageous conduct or that any individual defendant intentionally or recklessly caused severe emotional distress as a matter of law.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment filed by Defendants Angela Crain, Rob Jeffreys, Frank Lawrence, and Anthony Wills (Doc. 59), and the Motion for Summary Judgment filed by Defendants Wexford Health Sources, Inc., Mohammed Siddiqui, M.D., Alberto Butalid, M.D., and Mary Jo Zimmer, N.P. (Doc. 62) are **GRANTED**.  The Clerk of Court is directed to enter judgment in favor of all Defendants and against Plaintiff and close this case.

**IT IS SO ORDERED.**

**DATED: May 10, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**